UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| ORLANDER J. BRANCH, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:06-CV-339 RM |
| | ) | |
| JODIE CRUICK SHANK, *et al.*, | ) | |
| | ) | |
| Defendants | ) | |

## OPINION AND ORDER

Orlander Branch, a prisoner confined at the Wabash Valley Correctional Facility, submitted a complaint under 42 U.S.C. § 1983 alleging that Jodie Cruickshank and Deputy Ford, violated his federally protected rights while he was confined at the Ducomb Community Work Release Center. The court must review the merits of a prisoner complaint seeking redress from a governmental entity or officer or employee of a governmental entity, and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. Courts apply the same standard under § 1915A as when addressing a motion under Fed. R. Civ. P. 12(b)(6) to dismiss a complaint. Weiss v. Cooley, 230 F.3d 1027, 1029 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
> 
> In order to state a cause of action under 42 U.S.C.§ 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim

>showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

Alvarado v. Litscher, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Branch brings this action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. Bell v. City of Milwaukee, 746 F.2d 1205 (7th Cir. 1984). To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. West v. Atkins, 487 U.S. 42 (1988). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. Baker v. McCollan, 443 U.S. 137, 140 (1979).

According to the complaint, on June 14, 2005, Mr. Branch left the work release center for work in accordance with his work schedule, and told Case Manager Cruickshank that he was leaving. Later, he called the work release center, and Mr. Ford told him that Ms. Cruickshank had ordered an arrest warrant be issued for him because she claimed that he left the work release center without informing her of his departure. Mr. Ford confirmed that Mr. Branch was scheduled to work, and told him that when he returned to the center after work, he would have the warrant dismissed. When Mr. Branch returned to the work release center, Mr. Ford had the warrant dismissed without Mr. Branch having been arrested. Mr. Branch alleges that the next day, Ms. Cruickshank went to Judge Marnocha

to have the arrest warrant reinstated. He does not assert that Judge Marnocha reinstated the warrant or that he was arrested or prosecuted for escape or attempted escape.

Mr. Branch seeks damages for "pain and suffering." (Complaint at p. 4). He doesn't allege that the defendants inflicted any actual physical injury on him, or that he suffered any physical injury or pain. Mr. Branch may mean to ask for damages for mental or emotional injury. But because he alleges no actual physical injury from the defendants' actions, he may not seek damages for mental or emotional injury. "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility for emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).

Mr. Branch seeks damages for "wrongful false imprisonment." (Complaint at p. 4). Mr. Branch was already imprisoned as a convicted felon when this incident occurred. Because he was already in prison when Ms. Cruickshank accused him of escape, he was not falsely imprisoned, or even imprisoned at all, as a result of her accusations.

Finally, Mr. Branch seeks damages for "false arrest." (Complaint at p. 4). Mr. Branch was not arrested for escape or attempted escape. Mr. Branch says Ms. Cruickshank caused an arrest warrant to be issued, but that warrant was dismissed before he was arrested. Mr. Branch alleges that Ms. Cruickshank went to a judge the next day to try to have the warrant reissued, but he doesn't allege or suggest that the judge reissued the warrant or that he was ever arrested or prosecuted for escape or attempted escape.

Ms. Cruickshank may have defamed Mr. Branch if she accused him of escaping when he did not. Defamation, however, states no claim upon which relief can be granted under § 1983. Paul v. Davis, 424 U.S. 693 (1976); see also Bone v. Lafayette, 919 F.2d 64 (7th

3

Cir. 1990).

For the foregoing reasons, pursuant to 28 U.S.C. § 1915A(b), the court DISMISSES this complaint.

SO ORDERED.

ENTERED: December  5 , 2006

>                               /s/ Robert L. Miller, Jr.
>                              Chief Judge
>                              United States District Court